UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FAWN W. o/b/o A.G.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | Case No. C22-5553-MLP<br><br>ORDER |

## I.   INTRODUCTION

Plaintiff seeks review of the denial of her minor daughter's application for Supplemental Security Income.[1] Plaintiff contends the administrative law judge ("ALJ") erred in assessing her testimony and Claimant's testimony, and in assessing a treating counselor's opinion. (Dkt. # 8 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.   BACKGROUND

Claimant was born in 2008 and had completed seventh grade at the time of the

---

[1] Plaintiff's daughter is hereinafter referred to as "Claimant."

ORDER - 1

administrative hearing. AR at 43. In March 2020, Plaintiff applied for benefits, alleging that Claimant became disabled on February 28, 2020. *Id*. at 189-99. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 104-10, 114-21. After the ALJ conducted a hearing in July 2021, the ALJ issued a decision finding Claimant not disabled. *Id.* at 15-28.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

*Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

### A. The ALJ Erred in Discounting Plaintiff's and Claimant's Hearing Testimony

Plaintiff argues that the ALJ erred in discounting her hearing testimony and failing to separately acknowledge and assess Claimant's hearing testimony. (Dkt. # 8 at 4-11.) As to Plaintiff's second argument, the Court finds no reversible error in the ALJ's failure to separately summarize Claimant's testimony in addition to Plaintiff's testimony, particularly because they provided similar testimony. *See, e.g.*, Social Security Ruling 16-3p, 2017 WL 5180304, at *6 (Oct. 25, 2017) (explaining that when a minor claimant cannot adequately describe his or her own symptoms, an ALJ properly considers a guardian's testimony in lieu of the claimant's testimony).

But as to Plaintiff's first argument, the Court agrees with Plaintiff that the ALJ erred in discounting allegations made by Plaintiff as well as Claimant because he relied on cherry-picked evidence to find their allegations inconsistent with the record.[2] The ALJ stated that Plaintiff and Claimant alleged that Claimant experienced learning problems as well as social problems, and the ALJ found these allegations inconsistent with the record, specifically the normal findings in Claimant's medical records as well as forms completed by two of Claimant's teachers in spring 2020. AR at 19-23. The ALJ stated that the teachers' forms "give an impression that [Claimant] is doing well in school, which is consistent with the medical record." *Id*. at 20-23. Based on the

---

[2] The ALJ was required to provide clear and convincing reasons to discount Claimant's testimony and germane reasons to discount Plaintiff's testimony, but the ALJ's reasoning does not satisfy either standard. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014) (setting forth standards of review applicable to a claimant's testimony); *Molina*, 674 F.3d at 1114 (setting forth standards of review applicable to lay testimony).

ORDER - 3

ALJ's reading of the record, the ALJ discounted allegations of disability because Claimant's symptoms improved with conservative and routine treatment. *Id*. at 24-25.

But the ALJ's characterization of the record fails to account for the entirety of the evidence, specifically the evidence that contradicts the ALJ's conclusion. Although the ALJ referenced some of Claimant's abnormal symptoms, the ALJ nonetheless found that Claimant had, for example, no limitation in her ability to interact and a less than marked ability to care for herself (AR at 27-28), without explaining how those findings accounted for Claimant's suicide attempt and suicidal ideation, hallucinations, anxiety attacks leading to absenteeism from school, impulsive behaviors, or angry outbursts with other people multiple times per week, even while medicated. *See, e.g., id*. at 54-55, 58, 446, 449, 452, 468, 472, 474, 538, 578-86, 644-46, 652, 663, 665-66, 710-11. The ALJ stated that the record "often showed fairly unremarkable findings" (*id*. at 23) and only conservative and routine care (*id*. at 24), but the record documents significant symptoms and treatment that are far from routine for a middle school student.

Evidence (*e.g.*, AR at 695-96) also suggested that Claimant required additional academic and social-emotional support in school, contrary to the ALJ's assertion that Claimant "was doing well in school." *See id*. at 27 (citing *id*. at 234-49). The ALJ furthermore failed to account for Claimant's alternate school arrangement due in part to the COVID-19 pandemic and due in part to her school accommodations, such that Claimant completed most of her schoolwork remotely and received one-on-one instruction in person to assist in completing her assignments. *See, e.g., id*. at 43-44, 54-55, 61.

Because the ALJ relied on a selective reading of the record as well as Plaintiff's and Claimant's testimony at the hearing, the ALJ's characterization of the record is not wholly accurate. The ALJ erred in cherry-picking the normal findings from a record that also documents

ORDER - 4

significant abnormal findings, without adequately explaining why he found that the wealth of abnormal findings did not corroborate Plaintiff's and Claimant's allegations. *See, e.g.*, *Reddick v. Chater*, 157 F.3d 715,722-23 (9th Cir. 1998) ("In essence, the ALJ developed his evidentiary basis by not fully accounting for the context of materials or all parts of the testimony and reports. His paraphrasing of record material is not entirely accurate regarding the content or tone of the record. We conclude that his approach and conclusions do not fully account for the nature of CFS and its symptoms."); *Gallant v. Heckler*, 753 F.2d 1450, 1455-56 (9th Cir. 1984) (holding that an ALJ "cannot reach a conclusion first, and then attempt to justify it by ignoring competent evidence in the record that suggests an opposite result"). The ALJ erred in discounting the allegations of Plaintiff and Claimant as inconsistent with record without acknowledging that significant evidence in the record in fact supports the testimony.

### B. The ALJ Erred in Assessing a Counselor's Opinion

Claimant's treating counselor, Liana McMillan, MPH, completed a form opinion in June 2021 indicating that Claimant had many marked functional limitations. AR at 721-23. The ALJ found Ms. McMillan's opinion unpersuasive because it was inconsistent with the teacher questionnaires, as well as Claimant's normal physical and psychiatric findings in the record. *Id*. at 25. The ALJ also found Ms. McMillan's opinion to be inconsistent with Claimant's "fairly robust" activities of daily living. *Id*.

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

For the same reasons explained in the previous section, *supra*, the Court finds that the ALJ's consistency finding with respect to Ms. McMillan's opinion is erroneous because it ignores the evidence that contradicts the ALJ's conclusion. The ALJ erred in contrasting Ms. McMillan's opinion with only the cherry-picked normal findings, rather than considering whether the opinion was consistent with the record as a whole.

## V.   CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED, and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should the ALJ shall reconsider Plaintiff's testimony, Claimant's testimony, and Ms. McMillan's opinion in light of the entire record.

Dated this 5th day of January, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 6